UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22989-Civ-COOKE/GOODMAN

MARY BRADY,

    Plaintiff,

vs.

CARNIVAL CORPORATION, *a Panamanian corporation d/b/a* CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Defendant Carnival Corporation's ("Carnival") Motion for Summary Judgment ("Motion") (ECF No. 29). Plaintiff, Mary Brady ("Plaintiff") filed a response in opposition on July 17, 2020, ECF No. 35, to which Carnival replied on July 31, 2020, ECF No. 39. Thus, the Motion is fully briefed and ripe for adjudication. For the following reasons, Carnival's Motion for Summary Judgment is **GRANTED**.

### BACKGROUND

Plaintiff brings this negligence action for damages resulting from an accident she suffered while aboard Carnival's cruise ship moored at Port Canaveral, Florida. ECF No. 1. Plaintiff alleges that on August 18, 2018, she sustained serious injuries when she slipped on a puddle of water and fell on the Lido deck of the ship. *Id.* Plaintiff alleges Carnival is liable for negligence because it failed to clean the standing water on the deck where Plaintiff fell or warn its passengers of such water. *Id.* Carnival now moves for summary judgment, arguing (1) Carnival had no duty to warn Plaintiff because the alleged dangerous condition was or should have been open and obvious through the ordinary use of Plaintiff's own senses, and 2) there is no record evidence that Carnival had notice of a risk-creating condition. ECF No. 29.

## UNDISPUTED MATERIAL FACTS

Plaintiff was a passenger aboard the Carnival "Sunshine" on August 18, 2018.[1] The Plaintiff boarded the "Sunshine" around 1:00 p.m. and went to the Lido deck to meet her friends for lunch. When Plaintiff arrived on the Lido deck, the weather was dry. The Plaintiff was not looking down at the deck as she walked, and she did not notice any wet areas on the deck. She did not see any caution signs. Plaintiff, who was wearing flip-flops, slipped and fell in a puddle of water on the deck. After the accident, the Plaintiff was taken off the ship because of her injuries. Jessica Chasen, one of the Plaintiff's traveling companions, witnessed the accident.

## LEGAL STANDARD

The Court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (internal quotations omitted). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must "show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the movant does so, "the burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). The opposing party must proffer more than "a mere scintilla of evidence" to show "that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899- 900 (11th Cir. 2006) (internal quotations omitted). When deciding whether summary judgment is appropriate, the Court must "resolve all ambiguities and draw reasonable factual inferences from the evidence in the non-movant's favor." *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir.

---

[1] The facts are derived from the Carnival's Statement of Facts (ECF No. 30) and Carnival's opposing statement of facts (ECF No. 36) and are undisputed.

2012).

## DISCUSSION

General maritime law is applicable to this action, as it involves alleged negligence committed aboard a cruise ship on navigable waters. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, the owner of a cruise ship owes its passengers a "duty of reasonable care" under the circumstances. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 631 (1959)). This standard of care "usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d at 1286. However, courts "need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger." *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015).

To succeed on her negligence claim, the Plaintiff must establish that 1) Carnival had a duty to protect Plaintiff from the slipping and falling; 2) carnival breached that duty; 3) the breach actually and proximately caused Plaintiff's slip-and-fall; and 4) Plaintiff suffered actual harm. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d at 1280. In its Motion for Summary Judgment, Carnival argues Plaintiff has failed to establish Carnival owed her a duty to protect her from the slip-and-fall. ECF No. 29 at 4.

### I. Duty to Protect

Even if a jury found the puddle of water on the deck was not open and obvious, Carnival would not owe a duty to Plaintiff to protect her from the alleged dangerous condition unless Carnival had actual or constructive knowledge of such condition. "The ship must not only know that the condition exists, but also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 909–10 (11th Cir. 2017).

#### A. Actual notice

Carnival argues it is entitled to judgment as a matter of law because Plaintiff has failed to produce any evidence that Carnival had actual notice of the alleged puddle of liquid on the Lido deck or that such puddle created a danger by making the deck unusually slippery. ECF No. 29 at 5-6. The Court agrees. There is no evidence in the record that any Carnival crewmember was notified or was otherwise aware of the existence of the puddle on which Plaintiff slipped.

3

Plaintiff points to several pieces of evidence to argue a question of fact exists as to whether Carnival had knowledge of the dangerous condition on the deck. ECF No. 35 at 5. First, Carnival's response on a Bahamas Maritime Authority Casualty Report Form states: "The alleged accident area was apparently wet due the proximity of the pool and some passengers coming out of the pool with wet soaking clothes. However, caution sign was in place." ECF No. 35-1 at 3. Next, Carnival's Answers to Plaintiff's Initial Interrogatories state: "The deck material in the subject area is appropriate for the mid ship open Lido Deck area which is reasonably expected to become wet due to weather and passengers' use of the swimming pool. Although wet conditions on the open Lido Deck are open and obvious to passengers, including Plaintiff, yellow caution cones were in place on the mid ship pool area." ECF No. 35-2 at 2. Finally, Ms. Chasen testified that she overheard a crew member say that cones were in place at the time and location of Plaintiff's accident. ECF No. 30-2 at 28-29. Plaintiff argues this evidence creates an inference that Carnival was aware of the dangerous condition on the deck and intended to place a caution sign in that area but failed to do so. ECF No. 35 at 4.

Plaintiff relies on *Sorrels v. NCL* for the proposition that the evidence regarding Carnival's placement of caution signs or cones on the deck where Plaintiff fell is enough to withstand summary judgment. However, *Sorrels* is readily distinguishable. In *Sorrels*, the plaintiff slipped on the cruise ship's pool deck that was wet from rain. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015). A cruise ship employee, Ms. Winifred, testified the defendant "would sometimes post warning signs on the pool deck after it had rained." *Id.* at 1288. She also testified that "she had been told to post warning signs in the restaurant whenever there was water or some other liquid on the floor of the restaurant because it was known to her supervisors that the teak floor could be slippery when wet." *Id.* The Eleventh Circuit found Ms. Winifred's testimony "went to the issue of NCL's knowledge that the pool deck could be slippery when wet." *Id.* Further, a security guard working on the ship, Mr. Rai, testified he sometimes saw signs posted on the deck when it rained. *Id.*

Whether NCL knew the deck was wet from rain was not at issue in *Sorrels*. Rather, the issue was whether the defendant "had actual or constructive knowledge that the pool deck…could be slippery (and therefore dangerous) when wet." *Id.* at 1288. The Eleventh Circuit held that "the testimony of Ms. Winifred and Mr. Rai—that warning signs were

4

sometimes posted on the pool deck after rain—viewed in the light most favorable to Ms. Sorrels, is enough to withstand summary judgment as to notice." *Id.* at 1289.

Here, Plaintiff alleges the dangerous condition was a puddle of liquid on the deck. Plaintiff has presented no evidence that Carnival had actual notice of such condition. The evidence to which Plaintiff points, at most, goes to the issue of whether Carnival was aware their deck could be slippery when wet. But unlike in *Sorrels*, where the entire deck was wet from rain, Plaintiff here has alleged a specific spot of water on a hot and dry deck caused her to slip and fall. There is no evidence Carnival knew of the existence of this puddle of water. The evidence in the record merely indicates that the deck is "reasonably expected to become wet due to weather and passengers' use of the swimming pool" and that cones were in place. This does not create an inference that Carnival knew of the existence of the puddle of water alleged to have caused Plaintiff's accident.

Plaintiff also points to Ms. Chasen's testimony that she witnessed another person slip in the same spot before Plaintiff's accident. ECF No. 30-2 at 15-16. However, there is no evidence this incident was reported to staff in the less than ten minutes that lapsed before Plaintiff fell. Accordingly, Plaintiff has failed to present any evidence that Carnival had actual notice of the alleged dangerous condition on the deck.

### B. Constructive notice

Thus, to establish a duty, Plaintiff must present evidence that Carnival had constructive notice of the alleged dangerous condition on the deck. The Eleventh Circuit has "identified two ways in which, in the absence of evidence of actual notice, a passenger plaintiff can establish that a ship operator had constructive notice of a risk-creating condition." *Sutton v. Royal Caribbean Cruises Ltd.*, 774 F. App'x 508, 511 (11th Cir. 2019). The plaintiff can submit: 1) evidence that "the defective condition existed for a sufficient period of time to invite corrective measures" or 2) "evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident." *Id.* (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)).

Here, Plaintiff has not presented evidence that "the defective condition existed for a sufficient period of time to invite corrective measures." While Ms. Chasen testified that she witnessed another person slip on the floor before Plaintiff's accident, this occurred only a few minutes before the accident. Moreover, Ms. Chasen testified she did not see any crew members in the area. ECF No. 30-2 at 16-17. Thus, Ms. Chasen's testimony does not create a

genuine issue of material fact as to whether Carnival had constructive notice. *See Plott v. NCL Am., LLC*, 786 F. App'x 199, 203 (11th Cir. 2019) (concluding the plaintiff created a genuine issue of material fact as to whether the cruise ship defendant had notice where "the puddles remained in the area, which was 'continuously monitored,' for about half an hour before [the plaintiff] slipped").

Likewise, Plaintiff has not presented "evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident." Because the prior incident occurred less than ten minutes before Plaintiff's accident, the individual's family member prevented the individual from falling, and there is no evidence Carnival was notified of the incident, Ms. Chasen's testimony does create a genuine issue of fact as to whether Carnival had constructive notice of the puddle on the deck.

### CONCLUSION

Because Plaintiff has failed to proffer evidence that supports Carnival had notice— an essential element of her negligence claim—Carnival is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, it is hereby **ORDERED and ADJUDGED** that Carnival's Motion for Summary Judgment (ECF No. 29) is **GRANTED**. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 30th day of December 2020.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*