UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-22989-CIV-COOKE/GOODMAN

MARY BRADY,

    Plaintiff,

v.

CARNIVAL CORP.,

    Defendant.

_____/

REPORT AND RECOMMENDATIONS ON DEFENDANT'S
MOTION FOR BILL OF COSTS

In this maritime personal injury case, Plaintiff Mary Brady sued Defendant Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival"), alleging that she was injured aboard Carnival's vessel, the Carnival *Sunshine*, when it was moored at Port Canaveral, Florida on August 18, 2018. [ECF No. 1]. Plaintiff alleged that she sustained serious injuries due to Carnival's negligence when she slipped on a puddle of water and fell on the Lido deck of the ship. *Id.*

After United States District Judge Marcia G. Cooke granted summary judgment in favor of Carnival [ECF No. 44], Plaintiff filed a motion for reconsideration and rehearing on Carnival's summary judgment motion. [ECF No. 56]. Judge Cooke denied Plaintiff's motion for reconsideration. [ECF No. 61].

Carnival filed its bill of costs and verified motion to tax costs [ECF Nos. 57; 58] seeking $4,667.50 in allegedly taxable costs comprised of costs for service of subpoenas, costs for deposition transcripts and court reporter fees, copying fees, and post-judgment interest applied to the total costs. Plaintiff did not file a response in opposition to the motion to tax costs, and the time to do so has expired. Nevertheless, in Carnival's certificate of compliance with Local Rule 7.1, Carnival notes that Plaintiff is "agreeable to payment of the costs of the subpoena to Jessica Chasen and the court reporting and deposition transcript costs of Mary Brady and Jessica Chasen, which amount to $1,355.60. However, Plaintiff's counsel opposes the remainder of the relief sought herein, with the exception of the aforementioned costs." [ECF No. 58, pp. 8-9].

Judge Cooke referred Carnival's motion to tax costs to the Undersigned for a Report and Recommendations. [ECF No. 59]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Carnival's motion to tax costs and award Carnival **$4,329.50** in taxable costs ($338 less than the requested amount) with post-judgment interest applied.

I. **Legal Standard**

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable

against the losing party:

>   (1) Fees of the clerk and marshal;
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

II.     Analysis

As the prevailing party in this case, Carnival is requesting that the Court award it costs under 28 U.S.C. § 1920. [ECF No. 58, p. 2]; *see, e.g.*, *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) ("Upon granting Defendant's motion for summary

judgment, judgment was entered in favor of Defendant on all counts. Thus, Defendant is the prevailing party in this action and is entitled to costs under Fed. R. Civ. P. 54(d)."); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1355 (S.D. Fla. 2008) (citing *Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001)) ("The Eleventh Circuit consistently supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.").

Carnival seeks the following costs that it alleges are taxable: (1) $1,885 in costs for the service of subpoenas on Plaintiff's medical providers, insurance providers, employers, and $130 in costs for the service of subpoenas on Plaintiff's expert and fact witnesses; (2) costs for deposition transcripts and court reporter fees, totaling $2,079.35; (3) fees for the costs of necessary copies of Plaintiff's medical records, totaling $573.15; and (4) interest applied to the total costs. [ECF No. 57-1]. The total of Carnival's requested costs is $4,667.50.

The Undersigned will discuss each of the categories of requested costs below, on an item-by-item basis:

   **1.   Costs for Service of Subpoenas**

Carnival seeks to recover costs incurred to serve Plaintiff's pre-incident and post-incident medical providers, Plaintiff's insurance providers, and Plaintiff's employers. Carnival served subpoenas on 29 such parties throughout its investigation of Plaintiff's alleged personal injury claims. [ECF Nos. 57-1, pp. 5-11; 58, pp. 4-5]. Service of these

subpoenas cost $65 per party, so Carnival seeks to recover $1,885 incurred for purposes of serving subpoenas on Plaintiff's medical providers, insurance providers, and employers. *Id.*

Additionally, Carnival seeks to recover costs incurred to serve subpoenas on Plaintiff's expert witness, Dr. Vladimir Alexander, and Plaintiff's fact witness, Jessica Chasen, for the purpose of obtaining their presence at deposition. At $65 each, Carnival seeks to recover $130 incurred in subpoenaing them for deposition. As noted above, Plaintiff informed defense counsel that she was agreeable "for the payment of the costs of the subpoena to Jessica Chasen." [ECF No. 58, pp. 8-9].

Carnival argues that the costs associated with serving each of these subpoenas are permissible under 28 U.S.C. §1920(3) and 28 U.S.C. §1821. The Undersigned agrees. Subpoenas directed to medical, employment, and insurance providers for the purpose of investigating plaintiff's allegations of physical injuries and loss of income are taxable under 28 U.S.C. §1920. *See Mull v. Trinity Yacht Sales & Chartering, LLC*, No. 07-21358-Civ, 2009 WL 4594965, at *1 (S.D. Fla. Dec. 1, 2009). Further, subpoenas issued to obtain the presence of witnesses at their deposition(s) are also taxable under 28 U.S.C. §1920. *See Zumwalt v. City of Palm Beach Gardens*, No. 0580658CIVRYSKAMP, 2007 WL 221417, at *2 (S.D. Fla. Jan. 25, 2007) (finding that costs for witness subpoenas are recoverable under § 1920).

Further, the costs of serving subpoenas using a private process server are recoverable under section 1920(1). *See Martinez v. Hernando Cty. Sheriff's Office*, No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *5 (M.D. Fla. Nov. 13, 2013) (citing *W&O, Inc.*, 213 F.3d at 624) ("Costs for private service of summons and subpoenas may be taxed pursuant to section 1920(1)."). However, these costs cannot exceed the rate charged by the U.S. Marshal, $65 per hour for each item served, plus travel costs and out-of-pocket expenses, as provided in 28 C.F.R. § 0.114(a)(3). *See Hooks v. Geico Gen. Ins. Co., Inc*, No. 3:13-CV-891-J-34JBT, 2015 WL 9595402, at *2 (M.D. Fla. Nov. 23, 2015) (citing *Martinez*, 2013 WL 6047020, at *5).

Accordingly, the Undersigned finds that Carnival's request for **$2,015** is taxable and **respectfully recommends** that the District Court **grant** these costs for the service of the subpoenas.

### 2. Deposition Transcript Costs and Court Reporter Fees

Carnival seeks $2,079.35 for the deposition transcript costs for four deponents. [ECF No. 58, pp. 6-7]. In its motion, Carnival states that these depositions were "necessarily obtained for use in this case" and are taxable costs. *Id.* at 5. Carnival states that "all of the deposition costs incurred by Carnival were incurred in an effort to resolve disputed factual issues raised in Plaintiff's Complaint, were necessarily obtained for use at trial and were utilized in drafting Carnival's motions *in limine*, *Daubert* motion, and motion for summary judgment." *Id.* at 7.

6

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621; *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012). It is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

The Undersigned does not find four depositions to be unreasonable. However, after analyzing the deposition transcript invoices, the Undersigned finds that the requested $2,079.35 amount includes certain unrecoverable fees associated with the transcript costs, including color exhibits, litigation package fees, and immediate delivery fees. [ECF No. 57-1, pp. 12-17].

The Undersigned finds that where such extra services are only for the convenience of counsel, they are not reimbursable. *See, e.g.*, *Johnson v. Communs. Supply Corp.*, No. 05-60510-CIV, 2006 WL 3709620, at *2 (S.D. Fla. Dec. 14, 2006) ("[C]onsistent with the weight of authority, the cost of [mini] transcripts is not recoverable."); *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992) ("[W]here the deposition costs were

7

merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (denying courier handling and delivery fees); *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (internal citation omitted) (denying costs such as "mini-transcripts, CDs and DVDs, and shipping and handling" where "Defendants have not shown they incurred these costs for any reason other than counsel's convenience"); *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) (finding that "expedited or condensed transcripts, scanning, CD litigation packages, summaries, shipping and handling, delivery costs, and express mail . . . court-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses" are costs for convenience under § 1920); *Responsible Me, Inc. v. Evenflo Co., Inc.*, No. 06-61736, 2009 WL 528247, at *8 (S.D. Fla. Mar. 2, 2009) ("[M]ost courts have found that the costs for shipping, exhibit scanning, disk copies and mini-scripts are not taxable as costs."); *Waste Servs., Inc. v. Waste Mgmt. Inc.*, No. 6:05-cv-320, 2007 WL 1174116, at *4 (M.D. Fla. Apr. 18, 2007) (finding text to video synchronization not taxable); *Feinschreiber v. United States*, No. 01-3628, 2002 WL 31084156, at *2 (S.D. Fla. Aug. 12, 2002) (denying recovery for ASCII draft transcripts and manuscripts).

### a. *Costs of transcribing and videotaping the depositions*

"The prevailing party may recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated that the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).

A prevailing party may "recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated that the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition." *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *4 (M.D. Fla. Nov. 9, 2018); *see also Bourne v. Sch. Bd. of Broward Cty.*, No. 10-60942-CIV, 2012 WL 12894236, at *2 (S.D. Fla. May 9, 2012) ("The depositions were noticed by the Defendant, who could not have presumed at that time that the case would not go to trial, when the video depositions might well have been utilized for the effect proposed in the reply. The Court is satisfied with the Defendant's explanation that the video depositions were necessarily obtained for use in the case, and not merely obtained for the convenience of counsel.").

9

Plaintiff does not argue that it ever objected to the notices. Because the costs of videotaped depositions, including the costs of the transcripts and videos, are taxable, the Undersigned **recommends** that that the costs of the videotaped depositions, with the exceptions noted below, should be **granted**.

### b. *Express or expedited shipping and handling costs*

One of Carnival's deposition transcript invoices contains an immediate rough draft for $181.50. [ECF No. 57-1, p. 12].

Courts regularly find that expedited or immediate delivery fees are **not** recoverable. *See, e.g.*, *Klayman*, 2008 WL 4194881, at *7 ("The costs for . . . expedited shipping charges . . . are not recoverable."); *Responsible Me, Inc.*, 2009 WL 528247, at *8 ("With regard to the additional charges included in the five deposition transcripts, most courts have found that the costs for shipping, exhibit scanning, disk copies and mini-scripts are not taxable as costs."); *Spatz*, 2012 WL 1587663, at *6 ("Defendants seek reimbursement for miscellaneous costs associated with the four transcribed depositions, including mini-transcripts, CDs and DVDs, and shipping and handling. . . The costs of such additional services, when incurred solely for the convenience of counsel, are not reimbursable."); *Shire Dev., LLC*, 2018 WL 6311472, at *5 ("Costs for convenience under § 1920 include . . . shipping and handling, delivery costs, and express mail . . . shipment of depositions . . . which are incurred for the convenience and not necessity of counsel, are not taxable.").

Carnival has not presented sufficient evidence demonstrating that this deposition transcript was needed on an immediate or expedited basis. The Undersigned **recommends** that immediate rough draft fee be **denied;** a reduction of the requested costs in an amount totaling **$181.50**.

### c. Color exhibits

Extra expenses such as color exhibits have been found to be "for the convenience of counsel." *See Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 13174437, at *4 (S.D. Fla. May 26, 2011), *report and recommendation adopted*, No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011).

Carnival has not met its burden in providing sufficient detail to justify the costs related to the color exhibits, and the Undersigned is unable to determine whether the fees were for the convenience of counsel. In the absence of a cogent explanation from Carnival in support of their request for color deposition exhibits, the Undersigned **recommends** that costs for color deposition exhibits be **denied**; a reduction of the requested costs in an amount totaling **$16.50**.

### d. Litigation packages costs

Several of the invoices for the deposition transcripts also list "Litigation Package" as a fee. [ECF No. 57-1, pp. 13-16]. "The party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs." *Johnston v. Borders*,

No. 615CV936ORL40DCI, 2017 WL 1968352, at *5 (M.D. Fla. Apr. 24, 2017), *report and recommendation adopted*, No. 615CV936ORL40DCI, 2017 WL 1957278 (M.D. Fla. May 11, 2017) (citing *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000)). "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Id.* As previously stated, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W&O Inc.*, 213 F.3d at 620.

Carnival has not met its burden in providing sufficient detail to justify the costs related to the "Litigation Package" fees, and the Undersigned is unable to determine whether the fees were for the convenience of counsel. Accordingly, the Undersigned **recommends** that Litigation Package fees be **denied**; a reduction of the requested costs in an amount totaling **$140**.

   *e. Summary of recommended video deposition costs*

Accordingly, the Undersigned **respectfully recommends** that the costs of obtaining the videotaped depositions should be permitted, but the costs incurred merely for counsel's convenience (i.e., costs of expedited or immediate delivery, color exhibits, and litigation packages,) should be **denied**.

The Undersigned has analyzed Carnival's deposition transcript records and **respectfully recommends** that $338 of the $2,079.35 requested fees for the video

12

depositions should be **denied**, reducing the amount to **$1,741.35**.

### 3.     Copying Costs

Carnival seeks to recover $573.15 for in outside copying costs under 28 U.S.C. § 1920(4). Once again, Carnival has the burden of demonstrating the necessity of these copying costs and that the costs were not simply for the convenience of counsel.

"A prevailing party may recover fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Sumner v. Biomet, Inc.*, No. 7:08-CV-98 HL, 2012 WL 2343702, at *2 (M.D. Ga. June 20, 2012) (awarding costs for copies of medical records); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. LEXIS 25095, at *14-15 (S.D. Fla. Feb. 9, 2012) ("[T]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable."); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (interpreting "copies of paper" in § 1920(4) to mean "reproductions involving paper in its various forms and conclud[ing] that because oversize documents and color photographs are capable of this characterization" taxation of costs associated with making such oversized copies is not error).

While courts do not require parties to "articulate the specific reasons for each photocopy – [a party] must do more than direct the Court to a hundred pages of invoices and then leave it to the Court to determine whether those costs are necessary." *A.T.O.*

*Golden Constr. Corp.*, 2019 WL 2245507, at *4 (denying the copying costs where the party failed to describe the categories of documents and provide explanation for why the copies were necessary); *Perez v. Saks Fifth Ave., Inc.*, 2011 WL 13172510, at *10 (S.D. Fla. Feb. 14, 2011) ("The undersigned will not rummage further through the photocopying invoices . . . in an attempt to guess whether the copies were necessarily produced.").

Carnival's Bill of Costs provides invoices from eight of Plaintiff's healthcare providers for copies of medical records, X-Ray and MRI images, and diagnostic films. [ECF No. 57-1, pp. 18-26]. The Undersigned finds that Carnivals invoices totaling $573.15 from Plaintiff's medical providers for copies of Plaintiff's medical records used in Carnival's exhibits in pleadings and discovery were necessarily obtained for use in this case.

Accordingly, the Undersigned **respectfully recommends** that the District Court grant Carnival the requested **$573.15** in costs incurred for outside photocopying costs.

4. **Interest**

Finally, Carnival seeks interest on the total costs taxed against Plaintiff pursuant to 28 U.S.C. § 1961. *See, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) ("When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.") (citing *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (pursuant to section 1961, "post-judgment interest properly runs from the date of the entry of judgment").

14

Carnival is the prevailing party in this action, so the Undersigned finds that the District Court find that it is statutorily entitled to post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment." 28 U.S.C. § 1961(a).

Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** Carnival's request for interest, pursuant to 28 U.S.C. § 1961, on the judgment for taxable costs awarded in its favor.

### III. Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Carnival's motion and award it **$4,329.50** in taxable costs ($338 less than the requested amount) with post-judgment interest applied.

### IV. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on March 8, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record